UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.: 13-cv-2367 (JBW)(RML)
---------------------------------------------------------------

RICKY GINN

                Plaintiff,                AMENDED COMPLAINT

       -against-                PLAINTIFF(S) DEMAND
                                                   TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. KYLE STANLEY,
P.O. JAY RIVERA,
SGT. WILLIAM HALL,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

              Defendant(s)

---------------------------------------------------------------

Plaintiff, RICKY GINN, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff RICKY GINN resides in New York and is a resident of the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. P.O. KYLE STANLEY at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. P.O. JAY RIVERA at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. SGT. WILLIAM HALL at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. On October 4, 2012 at approximately 5 pm RICKY GINN was driving his car on Durmont St. between Van Sinderin Ave. and Snediker Ave. in Brooklyn, NY.

13. MR. GINN was returning from his job renovating Madison Square Garden.

14. Eugene Meyers was riding with MR. GINN in the front passenger seat.

15. At the above time and place MR. GINN pulled over and parked his car because Mr. Meyers complained that he needed to use the bathroom.

16. Mr. Meyers exited the car and started walking towards an industrial fence.

17. While Mr. Meyers was doing this he noticed undercover officers watching him from an unmarked car.

18. Once he noticed what he believed to be undercover officers he returned to the car.

19. This is when the undercover officers pulled behind MR. GINN'S car and flashed their lights.

20. The officers then searched MR. GINN and Mr. Meyers.  Upon information and belief these officers were P.O. KYLE STANLEY, P.O. JAY RIVERA and SGT. WILLIAM HALL.

21. At this point, both MR. GINN and Mr. Meyers were placed under arrest for possession of a controlled substance and disorderly conduct.

22. MR. GINN was specifically arrested for having a straw in his wallet.  P.O. KYLE STANLEY claimed there was cocaine residue on the straw.  In fact, the straw was merely used by MR. GINN to pick his teeth.  This is confirmed by a NYPD controlled substance analysis report which stated that the straw did not have any controlled substance residue on it.

23. P.O. KYLE STANLEY then told the Kings County district attorney screener that MR. GINN had a straw with cocaine on it.

24. Mr. Meyers was also arrested for having a straw with "cocaine residue" on it.  A NYPD controlled substance analysis report confirmed there was trace amounts of heroin on Mr. Meyers' straw and he subsequently pled guilty to possession of a controlled substance.

25. It should be noted that Mr. Meyer's straw was in his wallet.  It should also be noted that MR. GINN's straw was in his wallet as well.

26. After MR. GINN was placed under arrest he was transported to the 75th Precinct.

27. MR. GINN was then transported to central booking where he was released approximately 20 hours after his arrest.

28. MR. GINN returned to court twice before being given an ACD.

29. MR. GINN subsequently lost his job because the arrest showed up on his employer's database.

30. Plaintiff did not plea to any crimes or violations for any of the above incidents.

31. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

32. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

33. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

34. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

35. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and

breakdown in her personal relationships, in and outside of her home.

36. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

37. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

38. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

39. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

40. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION:**
**42 U.S.C Section 1983-against all Defendants.**

41. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

42. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every

citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

43. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

45. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

   A. An arrest not based upon probable cause;

   B. Unwarranted and malicious criminal prosecution;

   C. Deprivation of liberty without due process of law;

   D. Excessive force imposed upon him;

   E. Summary punishment imposed upon him; and

   F. Denied equal protection under the law.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above,

Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
*Monell* **claim**[1]

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

48. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

---

[1] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

9/9/2013
Brooklyn, New York

                                                      Respectfully Submitted

                                                      _____/s/_____
                                                      By:   Paul Hale, Esq
                                                      26 Court St. Ste 913
                                                      Brooklyn, NY 11242
                                                      (718) 554-7344